IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ZACHARY SIMMERS, | * |
| Plaintiff | * |
| v | *   Civil Action No. RDB-15-3285 |
| JODY CLABAUGH | * |
| Defendant | * |
| | *** |

## MEMORANDUM

The above-captioned case was opened on October 28, 2015 upon receipt of a Complaint filed by Plaintiff.  The self-represented pleadings did not state a claim as presented and did not name a proper Defendant. ECF No. 1.  Plaintiff was granted an opportunity to supplement the Complaint to cure the deficiencies.  ECF No. 3.  The Court is in receipt of Plaintiff's Amended Complaint. ECF No. 4.  Plaintiff's Motion for Leave to Proceed (ECF No. 2) shall be granted.

This Court may preliminarily review a complaint and dismiss it pursuant to 28 U.S.C. § 1915(e) prior to service if satisfied that the complaint states no legal basis for the relief sought. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996).

Plaintiff's Amended Complaint does nothing to cure the previously noted deficiencies. Plaintiff names Jody Clabaugh as the sole Defendant.  ECF No. 4, p. 1.  In the body of his Complaint he states in total, "[he] was sent to Mountain Manor, Emmittsburg, MD on 8507/was harassed, lied on by Ms. Jody Clabaugh-false allegations to get me wrongfully discharged and in result I Zac Simmers was wrongfully incarcerated with a 20 yr sentence at MCTC 18800 Roxbury Rd. Hagerstown." (sic) ECF 4, p. 3.

Plaintiff's complaint is subject to dismissal for failure to state a claim.   A court is not

obliged to ferret through a Complaint, searching for viable claims. The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D.Md.1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir.1988). To comply with the rule, a Plaintiff must provide enough detail to illuminate the nature of the claim and allow Defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

The instant Complaint does not comply with the requirements of Fed. R. Civ. Proc. 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct."  A pleading must give the court and Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A Court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988). Here, the Complaint provides no factual support as to Plaintiff's claim that he was wrongfully incarcerated.  As such it does not provide this Court or any potential Defendants "fair notice" of the claims and facts upon which they are based.  Thus, the Complaint must be dismissed.

A separate order follows.

December 18, 2015						_____/s/_____
Date								RICHARD D. BENNETT
								UNITED STATES DISTRICT JUDGE